O'MELVENY & MYERS LLP
Dale M. Cendali (DC 2676)
Claudia Ray (CR 4132)
Times Square Tower
7 Times Square
New York, New York  10036
(212) 326-2000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NYP HOLDINGS, INC., | Case No.  07 CV 6783 (AKH) (DCF) |
| Plaintiff, | |
| -against- | **COMPLAINT** |
| UWE BOLL, 3. BOLL KG, SASCHA SEIFERT, AND FREESTYLE RELEASING, | |
| Defendants. | |

Plaintiff NYP Holdings, Inc. ("NYP") by and through its counsel, O'Melveny & Myers LLP, for its Complaint against Uwe Boll ("Boll"), 3. BOLL KG ("BOLL KG"), Sascha Seifert ("Seifert"), and Freestyle Releasing ("Freestyle") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION AND RELIEF SOUGHT

1. This action arises out of Defendants' brazen and unlawful infringement of NYP's valuable intellectual property associated with the famous newspaper, the *New York Post* (the "*NY Post*") and its website, www.nypost.com.  To NYP's detriment—and over its express objections—Defendants have misappropriated wholesale NYP's copyrights, trademarks and trade dress on their websites, www.postal-themovie.com/mag, www.ny-postal.com and www.ny-

postal.tk, in order to promote their film, *Postal*. A comparison between the parties' websites clearly shows Defendants' wholesale copying of NYP's intellectual property:



2. In addition to infringing NYP's various intellectual property rights, Defendants' unauthorized use of NYP's trade dress and trademarks in the *NY Post* and *Page Six* create a false and misleading impression of an association between NYP and Defendants' film.

3. This conduct is especially pernicious because it suggests that NYP endorses the film. NYP does not.

4. Defendants are, of course, free to use the term "Postal" in connection with their film and website. NYP simply requests that they not be allowed to abuse NYP's intellectual property in the process. NYP seeks injunctive relief, damages, attorneys' fees and such other relief as the Court deems proper.

## JURISDICTION AND VENUE

5. This is an action under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a), 1125(d), and the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has jurisdiction over these claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court also has jurisdiction over NYP's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Upon information and belief, this Court has personal jurisdiction over all Defendants because they have committed tortious acts outside New York causing injury within the State of New York and derive substantial revenue from interstate commerce. Upon information and belief, this Court also has personal jurisdiction over all Defendants because they transact business in New York.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (d).

## PARTIES

8. NYP is a Delaware corporation with its principal place of business at 1211 Avenue of the Americas, New York, New York 10036-8790. NYP is and, at all times material herein was, the publisher of the *NY Post* daily newspaper and its online edition located at www.nypost.com (the "*NY Post* Website").

9. Upon information and belief, Boll is an individual residing in Germany and is the Managing Director, executive and/or officer of Defendant BOLL KG. He is also a director, producer and screenwriter of films targeted at English-language audiences, including the upcoming film *Postal*. Upon information and belief, *Postal* was recently screened in New York and its United States release is scheduled for October 12, 2007. Upon information and belief, Boll is operating websites—accessible at www.postal-themovie.com and www.postal-the-movie.com (the "Postal Movie Websites") and www.ny-postal.tk (the "Relocated NY-Postal Website")—to promote *Postal*'s release in the United States, including in New York. The Postal Websites and Relocated NY-Postal Website, which are expressly directed at United States residents, are accessible to residents of the State of New York. Upon information and belief, Boll advertises and distributes his other films throughout the United States and travels to the United States in connection with his business.

3

10. Upon information and belief, BOLL KG is a German limited partnership with a principal place of business at Schweinfurter Straße 82, 97493 Bergrheinfeld, Germany. Upon information and belief, BOLL KG is Defendant Boll's production company and owns the Postal Websites as well as rights in *Postal* and Boll's other films.

11. Upon information and belief, Seifert is an individual residing in Germany. Upon information and belief, Seifert registered the Postal Movie Websites and is involved in operating the Postal Movie Websites and the Relocated NY-Postal Website to promote *Postal.*

12. Upon information and belief, Freestyle is a California company with a principal place of business at 24955 Pacific Coast Highway, Malibu, California. Upon information and belief, Freestyle is a full-service film distribution company that promotes movies throughout the United States. Upon information and belief, Freestyle is handling the United States distribution of *Postal*, including in New York, and is involved in all aspects of the film's release, including internet marketing and the maintenance of the Postal Movie Websites and the Relocated NY-Postal Website.

## THE *NEW YORK POST*

13. The *NY Post* is the oldest continuously-published daily newspaper in the United States, having been first published by Alexander Hamilton in 1801. Today, the *NY Post* is sold in many states in the United States, both at newsstands and by subscription. The *NY Post* Website is one of the largest newspaper websites in the United States with more than 68 million page views per month.

14. NYP owns valuable intellectual property rights associated with the *NY Post* and the *NY Post* Website.

15. NYP owns the copyright in the *NY Post*, the *NY Post* Website and articles featured therein. NYP files copyright registrations covering each print edition of the *NY Post* and has filed an expedited copyright registration for the *NY Post* Website.

16. NYP also owns United States registered trademarks in the name of the newspaper, *NY Post*, and many famous features such as the daily gossip column entitled *Page Six*. These trademarks include:

| **Trademark** | **Reg. No.** | **First Used At Least As Early As** |
|---|---|---|
| NEW YORK POST | 1,526,818 | 1934 |
| NEW YORK POST (logo) | 2,213,076 | 1988 |
| PAGE SIX | 1,678,509 | 1977 |
| Page Six (logo) | 2,851,018 | 1988 |
| NYPOST.COM | 2,624,102 | 1999 |

The foregoing marks are collectively referred to herein as the "*NY Post* Trademarks." In connection with the *NY Post*, NYP has extensively used, and continues to use, the unique *NY Post* Trademarks, which have become well-known symbols of NYP and its good will in New York and throughout the country, and are obviously well known to Defendants.

17. As a result of years of NYP's advertising, promotion and extensive and exclusive use of the *NY Post* Trademarks, the *NY Post* Trademarks have become famous in New York and throughout the United States and are uniquely identified with NYP. The *NY Post* Trademarks and their accompanying goodwill represent a valuable asset for NYP.

18. In addition, NYP owns trade dress rights in the *NY Post* Website, which has many distinctive elements including: a navigation bar resembling a torn piece of paper, reinforcing the "paper" concept of the *NY Post* Website; emphasis and distinctive use of the colors red, white and black; and use of several *NY Post* Trademarks, including NEW YORK POST, PAGE SIX and NYPOST.COM. Attached hereto as **Exhibit A** is a true and correct copy of a printout from the *NY Post* Website printed on July 19, 2007.

## DEFENDANTS' FILM AND INFRINGING "POSTAL" WEBSITES

19. Upon information and belief, Defendants include the writer, director, producer, distributor and marketers of the film *Postal*. Defendants' film *Postal* is reportedly based on a controversial computer game of the same name in which players take on the role of the "Postal Dude," who can go on a violent rampage. By all accounts, the film denigrates the tragic events of September 11, 2001. Indeed, the opening clip posted on the Postal Movie Websites—the "Official Movie" websites—depicts two terrorist hijackers deciding to change course and fly to the Bahamas only to be overpowered by the passengers and crash into the World Trade Center. Attached hereto as **Exhibit B** are true and correct copies of printouts from www.postal-themovie.com, one of the Postal Movie Websites, printed on July 16, 2007.

20. Defendants have announced the film is scheduled for release in the United States (including in New York) in October of this year. Upon information and belief, the film has already been screened in New York.

21. On April 15, 2007, the *NY Post* published an article about the film. Displeased with the content of the article, Defendants willfully and intentionally infringed NYP's valuable intellectual property in an apparent effort to "get back" at the *NY Post*, and to gain attention and solicit ticket sales for the film.

22. Specifically, on or about May 24, 2007, Defendants launched a website at www.ny-postal.com (the "NY-Postal Website") which brazenly misappropriated NYP's federally-registered *NY Post* Trademarks, distinctive trade dress, and copyrights. Attached hereto as **Exhibit C** are true and correct copies of printouts from the NY-Postal Website printed on June 27, 2007.

23. As is clear from **Exhibit C**, the NY-Postal Website prominently used several *NY Post* Trademarks, including:



altered to read



and .

24. In addition, the NY-Postal Website adopted wholesale the trade dress of the *NY Post* Website. The type-face, design, graphics, and layout of the NY-Postal Website were all stolen from the *NY Post*. The NY-Postal Website also included the same navigation bar resembling a torn piece of paper that appears on the NY Post Website. The NY-Postal Website also copied the distinctive red, white and black color scheme of the *NY Post* Website. The misappropriation is obvious from a simple comparison:



25. The NY-Postal Website also featured a copy of the *NY Post*'s April 15, 2007 article about the *Postal* film.

26. When NYP became aware of the NY-Postal Website, NYP sent a letter to Defendant Boll as well as other individuals who were affiliated with the website, asking them to cease and desist their infringing conduct. Attached hereto as **Exhibit D** is a true and correct copy of NYP's letter, dated July 11, 2007.

27. NYP never received a response to its letter, but instead discovered that Defendants had altered the NY-Postal Website, which displayed a new headline entitled "Scandal! Brazen Piracy! Post Copies Postal!" Instead of discontinuing their illegal conduct, Defendants falsely accused the *NY Post* of copying their NY-Postal Website. Defendants even added the phrase "the original" to the top of their website. Defendants' willful conduct in blatantly misappropriating NYP's trademarks, copyright and trade dress could not be more obvious:



Attached hereto as **Exhibit E** are true and correct copies of printouts from the NY-Postal Website printed on July 16, 2007.

28.   On information and belief, the NY-Postal Website was eventually taken down by the web hosting company in response to NYP's cease and desist letter, but Defendants moved the infringing content to www.ny-postal.tk (the Relocated NY-Postal Website) and to the Postal Movie Websites (where the infringing content is available through a link on the homepages). Attached hereto as **Exhibit F** are true and correct copies of printouts from the Postal Movie Websites and the Relocated NY-Postal Website printed on July 17 and 24, 2007, respectively. The Postal Movie Websites and the Relocated NY-Postal Website all incorporate the content of the web pages located on the original NY-Postal Website.  The Postal Movie Websites are registered to Defendant Seifert for BOLL KG.  Upon information and belief, Defendant Freestyle is involved with the maintenance of the Postal Movie Websites as part of its film distribution deal with Defendant Boll.  Upon information and belief, Defendants have collectively registered the domain name used for the Relocated NY-Postal Website.  For ease of reference, the NY-Postal Website, the Postal Movie Websites and the Relocated NY-Postal Website shall be collectively referred to as the "Infringing Websites."

29.   By continuing their infringement after receiving written notice, and by mocking NYP's efforts to protect its valuable intellectual property rights, Defendants confirmed that they intend to continue to infringe NYP's intellectual property and create a false and misleading association between their film and NYP, leaving NYP with no choice but to file this lawsuit.

30.   Although Defendants appear to claim their Infringing Websites are "satire," parody law is not a defense in this case because Defendants are not parodying NYP, the *NY Post*

or the *NY Post* Website. Upon information and belief, neither NYP, the *NY Post* nor the *NY Post* Website are even mentioned in the *Postal* film.

### COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT
### (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

31.     NYP repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, and incorporates them herein by reference.

32.     NYP is the registered owner of the *NY Post* Trademarks.

33.     Defendants' unauthorized and willful use of NYP's federally-registered *NY Post* Trademarks in connection with their Infringing Websites constitutes use in commerce.

34.     Such use infringes NYP's exclusive rights in its federally-registered *NY Post* Trademarks and has caused and is likely to cause confusion, mistake or deception as to the source of the Infringing Websites.

35.     The aforesaid acts of Defendants of using NYP's *NY Post* Trademarks in connection with the Infringing Websites constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36.     The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause NYP to suffer immediate and irreparable injury for which NYP has no adequate remedy at law.

### COUNT TWO – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

37.     NYP repeats and realleges each and every allegation contained in paragraphs 1 through 36, inclusive, and incorporates them herein by reference.

38.     NYP's *NY Post* Website has a unique and distinctive style and distinctive characteristics, and is known for and recognized by the overall design, colors, graphics, layout

and look and feel. The characteristics of the *NY Post* Website, alone or in combination, have come to identify the *NY Post* Website and its source, NYP, and thus serve as protectable trade dress. NYP's trade dress in the *NY Post* Website is aesthetic and non-functional or, if any utility exists, it is not essential to the purpose, quality or source identifying attributes of the aesthetics. NYP's trade dress in the *NY Post* Website is inherently distinctive or has acquired distinction within the meaning of the Lanham Act.

39. Through their unauthorized use of the *NY Post* Trademarks and NYP's trade dress on and in connection with the Infringing Websites, Defendants are knowingly and intentionally misrepresenting and falsely designating to the general public the nature, origin and source of their websites, and intend to misrepresent and falsely designate to the general public the nature, origin and source of the websites so as to create a likelihood of confusion by the public as to the nature, source and sponsorship of their websites.

40. Defendants have knowingly and intentionally promoted and advertised the Infringing Websites in interstate commerce.

41. The aforesaid acts of Defendants of using the *NY Post* Trademarks constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

42. As a direct and proximate result of the foregoing acts of Defendants, NYP has been damaged and has suffered and will continue to suffer immediate and irreparable harm for which NYP has no adequate remedy at law.

**COUNT THREE – COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 101 et seq.)**

43. NYP repeats and realleges each and every allegation contained in paragraphs 1 through 42, inclusive, and incorporates them herein by reference.

44. By their actions alleged above, Defendants have infringed and will continue to infringe NYP's copyrights in the *NY Post*, the *NY Post* Website and at least one article.

45. NYP is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert or participation with them, from engaging in any further such acts in violation of the copyright law.

46. NYP is further entitled to recover from Defendants the damages, including attorneys' fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. NYP also is entitled to recover statutory damages for Defendants' willful infringement of NYP's copyrights.

## COUNT FOUR – CYBERPIRACY IN VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT
### (15 U.S.C. § 1125(d))

47. NYP repeats and realleges each and every allegation set forth in Paragraphs 1 through 46, inclusive, and incorporates them herein by this reference.

48. By reason of the foregoing acts, Defendants have demonstrated a bad faith intent to profit from the distinctive and famous *NY Post* Trademarks, and have registered, used and continue to use domain names that are confusingly similar to and dilute the *NY Post* Trademarks.

49. Defendants' acts have further demonstrated an intent to divert consumers to their websites under the domain names <www.ny-postal.com> and <www.ny-postal.tk>. This diversion harms the goodwill represented by the distinctive *NY Post* Trademarks, especially NYPOST.COM. Upon information and belief, this diversion was accomplished for Defendants' commercial gain by creating a likelihood of confusion as to source, sponsorship, affiliation or endorsement of their websites.

50.     By reason of the foregoing acts, Defendants have intentionally committed and continue to commit cyberpiracy, thus harming the distinctive quality of certain of the *NY Post* Trademarks, causing a likelihood of confusion among the public and diluting certain of the famous *NY Post* Trademarks.

51.     By reason of Defendants' acts alleged herein, NYP has been and will continue to be damaged in an amount not presently ascertained to be determined at trial.

52.     Defendants' acts constitute cyberpiracy pursuant to 15 U.S.C. §1125(d)(1). NYP is therefore also entitled to statutory damages pursuant to 15 U.S.C. §1117(d). Said acts will result in further damage and irreparable injury if Defendants are not restrained by this Court from further violation of NYP's rights, for which NYP has no adequate remedy at law.

### COUNT FIVE – DECEPTIVE TRADE PRACTICES
**(New York General Business Law § 349)**

53.     NYP repeats and realleges each and every allegation contained in paragraphs 1 through 52, inclusive, and incorporates them herein by reference.

54.     The aforesaid acts of Defendants of using the *NY Post* Trademarks in connection with the Infringing Websites have deceived, misled and confused the general public and will continue to do so, and constitute deceptive trade practices in violation of the New York Deceptive Trade Practices Act, § 349 of the General Business Law.

55.     As a direct and proximate result of the foregoing acts, Defendants unlawfully and wrongfully have derived and will continue to derive, income, profits and ever-increasing goodwill from their activities, and NYP has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which NYP has no adequate remedy at law.

## COUNT SIX – INJURY TO BUSINESS REPUTATION AND DILUTION
### (New York General Business Law § 360-l)

56.     NYP repeats and realleges each and every allegation contained in paragraphs 1 through 55, inclusive, and incorporates them herein by reference.

57.     The aforesaid acts of Defendants' unauthorized use of NYP's *NY Post* Trademarks are likely to injure NYP's business reputation and dilute the *NY Post* Trademarks' distinctive quality.

58.     Defendants' acts are also likely to cause consumer confusion as to the source of the Infringing Websites.

59.     The aforesaid acts of Defendants' unauthorized use of NYP's *NY Post* Trademarks constitute an injury to NYP's business reputation and dilution of its *NY Post* Trademarks under Section 360-*l* of the General Business Law of New York.

60.     As a direct and proximate result of the foregoing acts, Defendants unlawfully derived, and will continue to derive, income, profits, and goodwill from their activities and NYP has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which NYP has no adequate remedy at law.

## COUNT SEVEN — UNFAIR COMPETITION
### (New York Common Law)

61.     NYP repeats and realleges each and every allegation contained in paragraphs 1 through 60, inclusive, and incorporates them herein by reference.

62.     The aforesaid acts of Defendants of using the *NY Post* Trademarks constitute unfair competition under the common law of New York in that Defendants have misappropriated, and unfairly competed with, NYP's commercial business and will continue to do so.

63. As a direct and proximate result of the foregoing acts, Defendants unlawfully derived and will continue to derive, income, profits and ever-increasing goodwill from their activities and NYP has been damaged and has suffered and will continue to suffer immediate and irreparable injury for which NYP has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, NYP prays for judgment against Defendants as follows:

1. That the Court find that Defendants have infringed NYP's *NY Post* Trademarks and trade dress;

2. That the Court find that Defendants have used NYP's *NY Post* Trademarks and trade dress to falsely designate the origin of the Infringing Websites and to unfairly compete with NYP;

3. That the Court find that Defendants have diluted NYP's famous *NY Post* Trademarks and trade dress;

4. That the Court find that Defendants have violated NYP's copyrights;

5. That the Court find that Defendants have committed cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

6. That the Court find that Defendants have engaged in deceptive trade practices and unfair competition;

7. That the Court find a substantial likelihood that Defendants will continue to infringe NYP's *NY Post* Trademarks, trade dress and copyrights unless permanently enjoined from doing so;

8. That the Court enjoin Defendants, their agents, servants, employees, attorneys, successors and assigns, and all persons, firms and corporations acting in concert with them, from

directly or indirectly infringing NYP's *NY Post* Trademarks, trade dress and copyright, including but not limited to using such *NY Post* Trademarks, trade dress and copyright in connection with any Internet site, advertisement, promotion, or solicitation of ticket sales for the *Postal* film and/or participating or assisting in any such activity whether occurring within or outside the United States of America;

9. That the Court require Defendants to file with the Court and to serve on NYP, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which they have complied with the Court's Order;

10. That the Court enter judgment for NYP and against Defendants for actual damages according to proof, and for any profits attributable to infringements of NYP's intellectual property, in accordance with proof;

11. That the Court enter judgment for NYP and against Defendants for statutory damages based upon their acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and cyberpiracy, pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1117(d);

12. That the Court order Defendants to transfer the domain names [www.ny-postal.com](www.ny-postal.com) and [www.ny-postal.tk](www.ny-postal.tk) to NYP;

13. That the Court require Defendants to account for all gains, profits, and advantages derived from their acts of infringement and other violations of law;

14. An award of three times the greater of:

    a. NYP's damages for the wrongful acts of Defendants in an amount the Court deems appropriate, together with appropriate interest on such damages; or

      b.      Defendants' profits in accordance with the accounting demanded in the preceding paragraph, pursuant to 15 U.S.C. § 1117; and

15.      An award of NYP's costs and disbursements of this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117; and

16.      That the Court grant such other and further relief as the Court deems just and proper.

Dated: July 27, 2007

Respectfully submitted:

Dale M. Cendali (DC 2676)
Claudia Ray (CR 4132)
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036
(212) 326-2000

*Attorneys for Plaintiff*